IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARIA ONTIVEROS,

    Defendant.

No. 01-CR-1025-LRR
No. 04-CV-1026-LRR

ORDER

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.   PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*IV.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *A.    Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *B.    Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . . *7*
        *1.    Assistance provided during sentencing* . . . . . . . . . . . . . . . *9*
        *2.    Assistance provided during plea* . . . . . . . . . . . . . . . . . . *13*
    *C.    Violation of Federal Rule of Criminal Procedure 11* . . . . . . . . . . . *14*
    *C.    Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . *15*

*V.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*

## I. INTRODUCTION

The matter before the court is the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 46).

## II. PROCEDURAL HISTORY

On October 5, 2001, the government filed a three-count indictment against the defendant. Count 1 charged that, on or about September 28, 2001, the defendant distributed approximately two ounces of a mixture or substance containing a detectable amount methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Count 2 charged that, on or about October 1, 2001, the defendant distributed approximately two ounces of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Count 3 charged that, on or about October 4, 2001, the defendant distributed approximately one and one quarter pound of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).

On February 12, 2002, the court set a hearing for March 8, 2002 because the defendant intended to plead guilty. Rather than appear at the scheduled hearing, the defendant fled Iowa. On June 11, 2002, the defendant was arrested in the Southern District of California.

On July 21, 2002, the defendant entered into a plea agreement with the government. On July 22, 2002, the defendant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the defendant pleaded guilty to count three of the indictment. On the same date, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's

plea of guilty. On August 5, 2002, the court entered an order adopting the report and recommendation pertaining to the defendant's guilty plea.

On March 5, 2003, both parties submitted a sentencing memorandum. On March 12, 2003, the court sentenced the defendant to 128 months imprisonment and 5 years supervised release.[1] The court also dismissed count one and count two of the indictment. On March 13, 2003, judgment entered against the defendant.

On March 20, 2003, the defendant appealed. On April 23, 2003, the Eighth Circuit Court of Appeals dismissed the defendant's appeal.

On June 1, 2004, the defendant filed the instant motion. In her 28 U.S.C. § 2255 motion, the defendant challenges her conviction and resulting sentence based on alleged violations of the United States Constitution. Specifically, the defendant contends: (1) counsel provided ineffective assistance; (2) a violation of Federal Rule of Criminal Procedure 32 occurred at the sentencing hearing; and (3) a violation of Federal Rule of Criminal Procedure 11 occurred during the plea hearing. On December 21, 2005, the court denied the defendant's motion to amend and ordered the government to respond to the defendant's claims. On February 27, 2006, the government complied with the court's

---

[1] Although the PSIR recommended a total offense level of 36 and a criminal history category of III, the court sentenced the defendant based on a total offense level of 33 and a criminal history category of II. Before reaching the total offense level of 33, the court determined: 1) the base offense level should be 34 pursuant to U.S.S.G. § 2D1.1; 2) two levels should be added pursuant to U.S.S.G. § 3C1.1; and 3) three levels should be subtracted pursuant to U.S.S.G. § 3E1.1. Utilizing U.S.S.G. § 4A1.1, the court determined the defendant's criminal history to be II. Given her total offense level and criminal history category, the defendant's applicable guideline range was 151 to 188 months imprisonment, rather than 235 to 293 months imprisonment. Nonetheless, the defendant also received a 15 percent reduction pursuant to U.S.S.G. § 5K1.1 at the time of her sentencing. Thus, the court, when sentencing the defendant, relied on a guideline range of 128 to 160 months imprisonment.

3

order by filing a resistance. The defendant did not file a reply. The court now turns to consider the defendant's 28 U.S.C. § 2255 motion.

### III. STANDARD OF REVIEW

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not

4

necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[2]

---

[2] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

## IV.  ANALYSIS

### A.  *Evidentiary Hearing*

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255.  *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986).  In exercising that discretion, the district court must determine whether the facts alleged, if true, would entitle the defendant to relief.  *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996).  "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [defendant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted).  Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  *See also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court's review of the record leads it to conclude that it is able to resolve the defendant's claims from the record.  *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the defendant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)).  The evidence of record conclusively demonstrates that the defendant is not entitled to the relief sought.  Specifically, the record indicates that

6

the defendant's claims are without merit. As such, the court finds that there is no need for an evidentiary hearing.

### B. *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir.

7

1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

8

Having laid out the appropriate standard, the court now addresses those grounds which allegedly constitute ineffective assistance of counsel.

### 1. *Assistance provided during sentencing*

The defendant alleges that her attorney provided ineffective assistance during sentencing and his conduct violated provisions of Federal Rule of Criminal Procedure 32. Specifically, the defendant argues that counsel: (1) failed to object to the drug quantity that probation calculated or determined in the Pre-Sentence Investigation Report ("PSIR"); (2) failed to object to the two-level obstruction of justice enhancement that probation included in the PSIR; (3) failed to investigate and object to the criminal history score—existence of prior second degree burglary conviction and status of being on probation at time of instant offense—that probation determined or calculated in the PSIR; and (4) failed to seek a downward departure. The court, in turn, addresses each argument.

The defendant asserts that counsel failed to object to the drug quantity that probation calculated in the PSIR. Such assertion is belied by the record. In paragraph 25, probation, in part, stated:

> It is difficult to determine the total amount of controlled substances this defendant was involved with or had knowledge of during the course of the charged criminal conduct. Nevertheless, in order to avoid any potential double counting, it is recommended the total amount of methamphetamine attributed to this defendant be determined based on the known [quantities] of pure methamphetamine the defendant distributed. As such, it appears the defendant was involved with or had knowledge of at least 170.93 grams of pure methamphetamine. This quantity is believed to be a very conservative estimate.

Counsel objected to paragraph 25 of the PSIR. Specifically, counsel stated:

> The last sentence should be stricken in its entirety. The government and [the defendant] have stipulated that the amount

9

> of methamphetamine was at least 150 grams but not more than 500 grams. The probation officer's opinion and qualification of the amount is unnecessary, potentially misleading and arguably prejudicial.

In response, probation, in part, stated:

> [T]he probation office is confused as to why the defendant would not want the probation office to summarize the total drugs to be assessed in this case, especially when the total amount of drugs recommended in paragraph 25 of the presentence report falls directly within the stipulated range entered into between the parties. In fact, it would seem to the probation office that the parties would want the probation officer's recommendation for the drug quantity to be assessed in order to support and justify the parties' stipulation that the defendant was involved with or had knowledge of at least 150 grams but not more than 500 grams of methamphetamine.

Given such response, counsel apparently decided to abandon his objection. Moreover, during the plea hearing, the defendant acknowledged that the stipulation of facts as set forth in the plea agreement were accurate and true. Further, at the beginning of the sentencing hearing, the court asked the defendant if she recalled "pleading guilty to the federal crime of distribution of approximately one and a half pounds of a mixture or substance containing a detectable amount of methamphetamine." The court also asked the defendant if she still desired to plead "guilty to the criminal offense of distribution of approximately one and a half pounds of a mixture or substance containing a detectable amount of methamphetamine. The defendant affirmatively answered both questions. In light of the record, the defendant fails to prove that counsel provided ineffective assistance with respect to the stipulated drug quantity.

Concerning the assertion that counsel provided ineffective assistance because he never objected to the two-level obstruction of justice enhancement for fleeing from the Northern District of Iowa, the defendant claims that she requested her attorney to

10

reschedule her plea hearing so that she could travel to California, but he failed to do so. The defendant's assertion that counsel failed to object to the two-level obstruction of justice enhancement is also contradicted by the record. In paragraph 24, probation stated:

> The defendant's plea was set for March 8, 2002. The defendant willfully failed to appear for her plea. The defendant withdrew her children from school, and three days prior to her plea, traveled to San Ysidro, California. The defendant was arrested in California on June 11, 2002.

Counsel objected to paragraph 24 of the PSIR. Specifically, counsel stated:

> [The defendant] agrees that she failed to appear for her plea but whether it was willful is an issue that will need to be addressed and decided by the court, as will the related issues of obstruction of justice and acceptance of responsibility.

In response, probation, in part, stated:

> The probation office believes the information contained in paragraph 24 of the presentence report accurately reflects the stipulation of facts set forth in the defendant's plea agreement (specifically paragraph 18I). In said paragraph, the defendant stipulated that she "willfully failed to appear for her plea."

In addition, counsel objected to paragraphs 27, 28 and 36, that is, the paragraphs addressing the obstruction of justice adjustment, and paragraph 30, that is, the paragraph addressing the acceptance of responsibility adjustment. During the sentencing hearing, the parties and the court discussed the reasons why the defendant failed to appear at her scheduled plea hearing and why the defendant decided to traveled to California. They also discussed whether or not the defendant should receive an obstruction of justice enhancement and/or an acceptance of responsibility reduction. Despite her failure to appear, counsel argued that the defendant should still receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The court agreed with defense

11

counsel and granted the defendant's request for the three-level acceptance of responsibility reduction. Accordingly, the defendant fails to meet either prong of *Strickland*.

Further, the record does not support the defendant's allegation that counsel failed to investigate and object to the criminal history that probation determined or calculated in the PSIR. In paragraph 45, probation assessed a criminal history point for a second degree burglary conviction. In response, counsel stated:

> [The defendant] objects to the information set forth in this paragraph, as she was not convicted of [second degree burglary], to the best of her recollection. [The defendant's] attorney will attempt to resolve this issue with the probation officer before the time and date of the sentencing hearing.

Counsel also objected to probation's conclusion that the defendant committed the instant offense while on probation and assessment of two additional criminal history points under U.S.S.G. § 4A1.1(d). At the sentencing hearing, counsel reiterated his objection to probation's category III criminal history score and requested the court to find that the defendant fell within criminal history category I or, at the very most, criminal history category II. Counsel argued that, but for the defendant's previous second degree burglary conviction, she would be eligible for a category I criminal history score. Further, counsel asserted that the defendant should not be assessed two criminal history points because the defendant was not on probation at the time of the instant offense. With respect to the two points assessed under U.S.S.G. § 4A1.1(d), the court found in favor of the defendant and, therefore, determined that the defendant fell within criminal history category II. Accordingly, the defendant fails to prove either prong of *Strickland*.

Finally, the defendant asserts that counsel failed to seek a downward departure on her behalf. Once again, the record demonstrates that the defendant is mistaken. Regarding paragraph 48 of the PSIR or the paragraph which computes the defendant's criminal history category, counsel stated:

12

> [The defendant] asserts that her criminal history is I. In the event that the court determines her criminal history category to be II, [the defendant] alternatively asserts that a downward departure to category I for over-representation of criminal history is appropriate in her case.

Further, at the sentencing hearing, counsel argued that several grounds provided a basis for departing downward. They include: the cooperation that she provided and the threats that were received as a result of such cooperation; her extraordinary rehabilitation efforts; the fact that, although she made a mistake when she traveled to California to place her children, she did so out of a maternal instinct; and her second-degree burglary conviction occurred as a result of passing a bad check. The court considered each of those grounds and decided to grant a 15 percent reduction pursuant to U.S.S.G. § 5K1.1. Thus, the defendant fails to prove that counsel provided ineffective assistance with respect to seeking a downward departure.

### 2. *Assistance provided during plea*

The defendant contends that counsel provided ineffective assistance because he failed to explain the plea agreement, that is, to inform her of the consequences of signing the plea agreement. Further, the defendant contends that counsel did not show her the plea agreement, discuss the charges or elements of the offense and explain her right to jury trial, her right to confront her accuser or her right to refuse to testify. The plea agreement clearly informed the defendant of the consequences of pleading guilty. The agreement stated that, by pleading guilty to count three of the indictment, the defendant was subject to a minimum penalty of ten years, a maximum penalty of life imprisonment without the possibility of parole, a fine of up to $4,000,000, a mandatory special assessment of $100 and a term of supervised release of at least five years and up to life. The defendant initialed each paragraph of the plea agreement, indicating that she read and understood those paragraphs. The defendant also signed the plea agreement on July 21, 2002.

Further, during the sentencing hearing, Chief Magistrate Judge John A. Jarvey informed the defendant of the possible maximum and minimum sentence based on her guilty plea. The defendant, therefore, knew the consequences of signing the plea agreement and entering a guilty plea. Chief Magistrate Judge John A. Jarvey also fully discussed the elements of the offense and explained her rights. Accordingly, the defendant fails to prove either prong of *Strickland*.[3]

### C. *Violation of Federal Rule of Criminal Procedure 11*

The defendant asserts that a violation of Federal Rule of Criminal Procedure 11 occurred because she did not voluntarily or knowingly enter her guilty plea. Specifically, the defendant alleges that she could not have voluntarily and knowing signed the July 21, 2002 plea agreement because she does not "speak, read, [or] write, Inglish (sic)." At no time during the plea hearing or sentencing hearing did the defendant ever indicate that she required the assistance of a court interpreter. During the plea hearing on July 22, 2002, the defendant stated that she understood the plea agreement, was satisfied with counsel's services and understood the maximum and minimum sentence that could be imposed on her. Chief Magistrate Judge John A. Jarvey explicitly found that the defendant understood English. Further, during the sentencing hearing, the court asked the defendant if her plea was, in fact, guilty. The defendant responded in English, "yes, your honor." Additionally, counsel represented to the court that the defendant acted as a translator in the Linn County Correctional Center and testified for the government in other cases. The defendant's argument that she does not understand English is not supported by the record

---

[3] The court notes that the defendant does not allege in the instant motion that she would have insisted on going to trial but for counsel's errors. *See Forest v. Delo*, 52 F.3d 716, 722 (8th Cir. 1995) ("In the context of a guilty plea, a defendant must show that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial."). Indeed, she merely seeks a sentence reduction.

and, therefore, the defendant's claim that she did not knowingly and voluntarily plead guilty fails. *Cf. United States v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding defendant's later conclusory claim that language barrier prevented him from understanding what was going on during plea proceedings to be meritless); *Rogers v. United States*, 1 F.3d at 698-700 (8th Cir. 1993) (reviewing defendant's allegations that a violation of Federal Rule of Criminal Procedure 11 occurred).

### *D. Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing

15

required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the defendant failed to make the requisite "substantial showing" with respect to the claims that she raised in her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If she desires further review of her 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V.  CONCLUSION

The court finds all of the defendant's assertions to be without merit.  Accordingly, the defendant's motion pursuant to 28 U.S.C. § 2255 (docket no. 46) is **DENIED**.  In addition, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 9th day of May, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA